AO 243 (Rev. 2/95)

**PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| UNITED STATES DISTRICT COURT | District: Southern District of Alabama |
|---|---|
| Name of Movant: James Albert Davis | Prisoner No.: 10212-003 | Case No.: ~~305C-MO-45744-2~~  CR. 08-52-CG- |
| Place of Confinement: Seagoville F.C.I., Seagoville, Texas | |

UNITED STATES OF AMERICA   V.   JAMES ALBERT DAVIS
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack **U.S. District Court for the Southern District of Alabama, 113 St. Joseph St., Mobile, AL 36601**

2. Date of judgment of conviction **July 22, 2008**

3. Length of sentence **60 Months Imprisonment - Lifetime Supervised Release**

4. Nature of offense involved (all counts) **Count 1 - Receipt of Child Pornography - 18 U.S.C. § 2252A(a)(2); Count 2 - Possession of Child Pornography - 18 U.S.C. § 2252A(5)(B). Sentences for each count to run concurrently.**

5. What was your plea? (Check one)
   (a) Not guilty   [xx]
   (b) Guilty       [ ]
   (c) Nolo contendere [ ]

   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details

6. If you pleaded not guilty, what kind of trial did you have? (Check one)   **N/A**
   (a) Jury        [ ]
   (b) Judge only  [ ]

7. Did you testify at the trial?   **N/A**
   Yes [ ]   No [ ]

8. Did you appeal from the judgment of conviction?   **N/A**
   Yes [ ]   No [ ]

(2)

FILED AUG 5 '09 PM 1:22 USDCALS

9.  If you did appeal, answer the following:   N/A

   (a) Name of court _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐          No ☒

11. If your answer to 10 was "yes," give the following information:   N/A

   (a) (1) Name of court _____

       (2) Nature of proceeding _____
       _____

       (3) Grounds raised _____
       _____
       _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐        No ☐

       (5) Result _____

       (6) Date of result _____

   (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Nature of proceeding _____
       _____

       (3) Grounds raised _____
       _____
       _____
       _____
       _____

(3)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐        No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.        Yes ☐        No ☐
    (2) Second petition, etc.       Yes ☐        No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    <u>Caution:   If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: __See Page 5A and 5B__

Supporting FACTS (state *briefly* without citing cases or law)

B. Ground two: __See Page 5C__

Supporting FACTS (state *briefly* without citing cases or law)

C. Ground three: __See Page 5D__

Supporting FACTS (state *briefly* without citing cases or law)

(5)

Claim 1: Unconstitutional failure of the prosecution to disclose to the Grand Jury evidence which was material as to the element of Intent to commit the crimes in question. Thus, the tainted Grand Jury Process never conferred Lawful subject matter jurisdiction from the grand jury to the Court, and proceedings are void ab initio.

Exhibits "3-4" the FBI 302 report, a compilation of notes, and an affidavit as to Mr. Davis, from meeting between the Plaintiff-Movant and FBI. The Agents readily acknowledge that Mr. Davis had no interest in possessing child pornography when a downloaded file was viewed and it contained child pornography, the file was promptly deleted. The Windows operating system requires a two-step process in order for a file to be deleted, thus a deletion is intentional.

All the files, with the exception of three (3), were deleted when the "graphics card" stopped functioning. The crime of possession of child pornography requires the intent to "possess", "obtain, view and save." (See Exhibit 1 & 2). In this case there was no intent to possess. The agents acknowledge it, it's corrobrated by the computer and the psychological evaluation.

Congress intended for "possessors" or those with the intent to posses child pornography - download, view and save - not inadvertent viewers or morbid curiosity seekers be charged with this crime. A crime requires "criminal intent." (See Exhibit 5, 6, 7, 8, 12 & 14). A prosecutor enjoys wide latitude with a grand jury, but cannot intentionally withhold exculpatory evidence showing absence of the necessary element of intent.

This is an abuse of the grand jury's process making the grand jury itself tainted. Lawful subject matter jurisdiction could not be confered to the Court under these circumstances.

The U.S. Attorney's office, despite a Freedom of Information Act request, has intentionally withheld the grand jury transcript. If there was no grand jury tampering, there is no reason to withhold the transcripts. The burden of proof rests upon the prosecution to prove that the Grand Jury was not tainted, for specific subject matter jurisdiction to exist in the criminal case.

A challenge to lawful subject matter jurisdiction can be made at any time. A federal Court must address a subject matter jurisdiction challenge when put before it, as it is upon receipt of this petition. Without lawful, specific subject matter jurisdiction, the indictment is void and all other issues are mute. Article III of our Constitution as well as Amendments V and VI guarantee that no one can be charged for a crime unless a legally constituted grand jury of their peers return an indictment in open court. It is readily understood that a "Peer" is not someone unduly influenced. Amendment V guarantees due process of law before a man is deprived of life and liberty. The indictment returned by an unconstitutionally influenced Grand Jury is void, and must be dismissed.

Claim 2: Denial of effective assistance of Trial counsel. Counsel, Gregory Hughes was disloyal and refused to represent my interests in the criminal case. Counsel did no pre-plea investigation of the evidence from the prosecution, of which, the evidence proves that there was no criminal intent (mens rea). Counsel conducted no interviews of the government's witnesses; the evidence shows the witnesses admitted the unconstitutionally of the "evidence" was obtained. Counsel conducted no investigation of the "evidence", performed no discovery, what-so-ever, and did not file any motions petitioner directed be filed. Counsel did not prepare for sentencing, filed no objections, nor provided evidence that the congressional intent for the lifetime supervision did not apply in this case. (See Exhibits 2, 8, 9, 10, 11, and 12)

Claim 3: Conviction obtained by plea of guilty which was unlawfully induced, not made voluntarily or with the understanding of the nature of the charge. Attorney Hughes, conducted no investigation - no discovery, no crime "scene" investigation, did not interview a single defense or prosecution witness, did not investigate the "alleged" evidence, nor investigate the constitutionality of how it was obtained, look at medical records, forensic reports, review the tangible evidence, nor review the legality of the process of how the alleged evidence was collected. The District of Columbia's Public Defenders Office Manual gives an 86 page overview of what an attorney is supposed to do to be effective, yet Mr. Hughes did nothing on the list as requested, except induce a guilty plea.

In order for a Plea to be valid, a defendant's decision must knowing, voluntary, and informed. Reliance on Counsel is critical. When counsel is not informed, or has not investigated the case properly, if at all, his instruction to plea is not knowledgeable or informed, and the plea is involuntary. The unconstitutionally obtained plea must be invalidated and the case dismissed. (See Exhibit's 1, 2, 8, 9, 10, 11, 12, & 14)

Please also see the FBI 302 Reports where the FBI acknowledged that there was no criminal intent (See Exhibit 3 & 4).

D. Ground four: _____ See Page 6A _____

Supporting FACTS (state *briefly* without citing cases or law) _____

E. <u>Ground five:</u>   See Page 6B _____

F. <u>Ground six:</u>    See Page 6C _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐        No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

    (c) At trial _____

    (d) At sentencing _____

Claim 4:  Denial of Effective Sentencing Counsel.  Sentencing imposed as to lifetime supervision is unconstitutional. Congress did not intend for this sentence to be imposed on a person convicted of possession of child pornography where there was no contact, nor was it a repeat offense, nor was the crime egregious.  Counsel ineffective for not doing any meaningful preparation for sentencing.  Counsel failed to lodge proper objections at sentencing as to the period of supervised release ordered, and counsel failed to object to the Court's neglect to actually consider the §3553(a) factors.  Counsel failed to investigate and place before the Court, clear evidence of mitigating circumstances at sentencing.  Counsel failed to object to the District Court's sentencing on "Reasonableness" grounds.  Our Constitution guarantees, through Amendment VI that every man would be guaranteed effective assistance of counsel. The sentence was obtained unconstitutionally and should be vacated.  (See Exhibits 8, 9, 10, 11, 12, 13, & 14)

Claim 5: SORNA and State registration statutes are unconstitutional. They violate both state and federal constitutional provisions. The provisions of SORNA as well as the Alabama Sex Offender Registration Act are constitutionally vague concerning the Due Process Protections of the U.S & Alabama constitutions and result in retroactive punishment, in violation of the Ex Post Fact Clause of the U.S. Constitution. SORNA is facially deficient and void for vagueness by virtue of the legislatures' omissions and failure to define the terms "internet" to wit. The term "Internet" is both a popular and technical term and has been omitted from Title 18 U.S.C., Chapters 109A, 109B, and 110; specifically 18 U.S.C. § 2256, definitions for chapter. "The statutory construction of Canon, "ex pressio unis est exclusio alterius' requires specific meution of every technical term and definition else risks unconstitutional ambiguity of the statute by means of the omission of a technical both facially and as applied." Therefore, SORNA is in violation of the U.S. Constitution & the registration provisions of supervised release unconstitutional.

Claim 6: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Trial counsel was ineffective and disloyal refusing to file a motion to suppress and to dismiss when repeatedly asked to do so. The FBI admitted to deputizing the computer repair shop where the computer was seized. (See Exhibits 1, 2, 3, 4, 6, & 7). The computer repair shop mislead the Petitioner in to believing the computer required more work in order to conduct a search, then promptly turned the computer over to the FBI. No one asked why the files were on the computer, why they were in the "recycle bin", and if Mr. Davis himself was the one who actually downloaded the files. There was no warrant, no miranda rights read, no probable cause, nothing. The 5th Amendment of the U.S. Constitution guarantees due process of law before a man may be deprived of life and liberty. The plea conviction in this case was obtained by use of unconstitutionally seized evidence and should be vacated and dismissed. (See Exhibits 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, & 12).

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐        No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐        No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
(Date)

_____
Signature of Movant

(7)